UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN TORRACO,

    Plaintiff,

v.                                      CASE NO. 8:15-cv-1964-T-23MAP

EDUARDO BRODSKY, et al.

    Defendants.

_____/

**ORDER**

John Torraco sues (Doc. 18) Eduardo Brodsky individually and in Brodsky's capacity as State Attorney for violating the Driver's Privacy Protection Act. Brodsky moves (Doc. 25) to dismiss the amended complaint under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim for relief.

To state a claim, the complaint must allege facts that show that the defendant (1) knowingly obtained, disclosed, or used personal information (2) from a motor-vehicle record (3) for an impermissible purpose. *See Thomas v. Georgia, Hartz, Lundeen, Fulmer, Johnstone, King, and Stevens, P.A.*, 525 F.3d 1107, 1111 (11th Cir.

2008) (describing the elements of a claim under Section 2724(a)[1]). A purpose is impermissible if not listed in Section 2721(b). *Thomas*, 525 F.3d at 1111.

## DISCUSSION

Accepted as true, the allegations of fact in Torraco's amended complaint fail to plead sufficiently a claim based upon personal liability. Only one paragraph in the amended complaint alleges that Brodsky obtained, disclosed, or used personal information. (Doc. 18 ¶ 36, alleging that "[e]ach defendant has invaded the legally protected interests under the [Driver's Privacy Protection Act] of Torraco") The paragraph is a conclusory statement of law.

The amended complaint contains some detailed allegations, but none suffices to plead a claim against Brodsky based on personal liability. Torraco alleges that employees of the State Attorney for the Twelfth Circuit and of the Sarasota County Sheriff conducted eight impermissible searches for Torraco's personal information. (Doc. 18 ¶ 17) Torraco alleges that Margarita Makeeva, a State Attorney's employee, conducted five searches (Doc. 18 ¶¶ 19–20); that an unnamed State Attorney's employee conducted one search (Doc. 18 ¶ 23); that Linda Mockovciak, a State Attorney's employee, conducted one search (Doc. 18 ¶ 24); and that Amber Mockovciak, an employee of the "Twelfth Circuit Court Administration," conducted

---

[1] In relevant part, the Driver's Privacy Protection Act, 18 U.S.C. § 2724(a), provides, "A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court."

- 2 -

one search or persuaded Kristopher L. Adams to conduct the search (Doc. 18 ¶ 26). The complaint fails to allege that Brodsky knowingly obtained, disclosed, or used personal information.

Also, Torraco seeks to establish Brodsky's liability based on negligent supervision. Specifically, Torraco alleges that Brodsky, a "supervisor" employed by the State Attorney, breached a "non-delegable duty" to ensure that other employees used the driver's-license database for only a lawful purpose. (Doc. 18 ¶¶ 14, 37, 38) Torraco's claim alleges negligence, but the statute creates a private right of action only if a person for an impermissible purpose "knowingly obtains, discloses or uses" personal information from a motor vehicle record. *See Kennedy v. City of Braham*, 67 F.Supp.3d 1020, 1045 (D. Minn. 2014) (Nelson, J.) (granting the defendant's motion to dismiss under Rule 12(b)(6) because the Driver's Privacy Protection Act imposes no negligence-based duty on an employer to supervise an employee) (citing *Kiminski v. Hunt*, 2013 WL 6872425 (D. Minn. Sept. 20, 2013) (Ericksen, J.)). Under the statute, the failure to properly supervise an employee that results in a violation of the Driver's Privacy Protection Act cannot establish vicarious liability.

Torraco also seeks to establish Brodsky's liability under *respondeat superior*. Even if the Driver's Privacy Protection Act permitted the imposition of liability under *respondeat superior*, *see, e.g., Margan v. Niles*, 250 F.Supp.2d 63, 72–75 (N.D.N.Y. 2003) (Hurd, J.); *Menghi v. Hart*, 745 F.Supp.2d 89, 98–99 (E.D.N.Y. 2010) (Wall, Mag. J.). *But see Jessen v. Blue Earth County*, 2014 WL 5106870 n.4 (D. Minn. Oct. 10, 2014)

(Kyle, J.), the complaint fails to state a claim against Brodsky in either his individual or official capacity.

*Respondeat superior* establishes an employer's liability for a tortious act committed by an employee if the act (1) is within the scope of the employment, (2) occurs substantially within the authorized time and space of work, and (3) is motivated or intended, at least in part, to serve the employer. *See Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1558 n.5 (11th Cir. 1987). Torraco alleges facts sufficient to satisfy the first two elements. The amended complaint alleges that Makeeva's job included searching the driver's-license database (Doc. 18 ¶ 22) and that State Attorney's employees conducted the searches at work during normal business hours (Doc. 18 ¶¶ 21, 25). However, the amended complaint fails to allege that the State Attorney's employees conducted the impermissible searches to serve their employer. Absent that allegation, the amended complaint fails to state a claim.

Also, Torraco alleges that "Brodsky. . . was the highest-ranking [State Attorney's] supervisor, a general election candidate, and the eventual elected State Attorney." (Doc. 18 ¶ 14) The allegations of fact in the amended complaint fail to state a claim against Brodsky in his individual capacity under *respondeat superior*. The amended complaint contains no allegation that Brodsky employed any person who conducted an impermissible search. Rather, the amended complaint alleges only that

Brodsky "supervised" those employees. (Doc. 18 ¶ 14)  However, mere supervision fails to establish *respondeat superior* liability.[2]

Even if Torraco adequately alleged the elements of a claim under *respondeat superior*, the statute expressly forecloses the claim against Brodsky in his official capacity.  Section 2724(a) imposes liability on "a person" who knowingly obtains, discloses, or uses personal information.  Section 2725 defines person as "an individual, organization or entity, but does not include a State or agency thereof."  The State Attorney is a state agent.  *See* Article V, Section 17, Florida Constitution; Chapter 27, Part II, Florida Statutes; *see also Stevens v. Fort Myers Police Dept.*, 2012 WL 4478978 at *4 (Sept. 4, 2012) (Porcelli, Mag. J.) ("In Florida, the State Attorney and the State Attorney's Office are considered an 'arm of the state.'") (adopting the report and recommendation, 2012 WL 4478794) (M.D. Fla. Sept. 28, 2012); *Perez v. State Attorney's Office*, 2008 WL 4539430 (M.D. Fla. Oct. 8, 2008) (Presnell, J.).  An official-capacity suit is "treated as a suit against the entity" in all respects other than name.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Because the statute excludes from the definition of "person" a state agency, Torraco cannot use *respondeat superior* to establish liability against Brodsky in his official capacity.

---

[2] In November 2012, Brodsky won election as State Attorney. The amended complaint contains no allegation that State Attorney's employees conducted an impermissible search after Brodsky became State Attorney. To the contrary, the amended complaint alleges that the last impermissible search occurred in March 2012. Doc. 18 ¶ 17.

Because the amended complaint fails to allege a claim for relief, Brodsky's motion to dismiss (Doc. 25) under Rule 12(b)(6) is **GRANTED**.  No later than **SEPTEMBER 9, 2016**, Torraco may file an amended complaint.  The failure to amend the complaint will result in dismissal of this action without further notice.  Brodsky's motion (Doc. 61) for summary judgment is **DENIED WITHOUT PREJUDICE AS MOOT**.  Torraco's motion (Doc. 69) to extend by sixty days the time for pretrial conference is **GRANTED**.  The trial of this action will occur in December.  The magistrate judge will reschedule the pretrial conference.

ORDERED in Tampa, Florida, on August 26, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE